# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TAALIK IBN'RAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2257 CEJ |
| | ) | |
| PAM TRANSPORTATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff initiated this action in the St. Louis City Circuit Court, asserting a claim under the Americans with Disabilities Act, 42 U.S.C. § 12132, and a claim of libel. Defendants P.A.M. Transport, Inc., and HireRight Solutions, Inc., removed the action based on federal question and diversity jurisdiction.

Plaintiff alleges that defendant P.A.M. Transport falsely accused him of lying on his employment application about his history of mental illness. According to the complaint, plaintiff was detained in a mental facility but there was no determination that he suffered from a mental defect. Attached to the complaint is a 2007 state court order granting plaintiff unconditional release from the Department of Mental Health.[1]

---

[1] It appears that plaintiff, who is also known as Lorne L. Wray, was committed to the Department of Mental Health after pleading not guilty by reason of mental disease or defect to an unspecified offense. See Missouri v. Wray, 20R039702116-01 (Franklin County).

Plaintiff alleges that P.A.M. Transport reported to HireRigh that plaintiff falsified his application and, as a result, plaintiff has been unable to find a job as a truck driver.

Plaintiff has filed a motion to remand and a motion to amend his complaint. Defendant P.A.M. Transport has filed a motion to dismiss.

1. **Plaintiff's Motion to Remand**

In support of his motion to remand, plaintiff asserts that the state court is capable of adjudicating his case and that the defendants employed removal as a tactic to get the case dismissed. The defendants' reasons for seeking to have the case heard in a federal court as opposed to a state court are not relevant. Because the requirements of 28 U.S.C. § 1441 and § 1446 have been met, removal is proper in this case. Plaintiff's argument is without merit and his motion to remand will be denied.

2. **Plaintiff's Motion to Amend**

Plaintiff moves to amend the complaint by withdrawing his ADA claim. Plaintiff states that he "has never suffered a disability or handicap (mentally or physically) nor received any benefits in relation to."

"To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." Randolph v. Rodgers, 170 F.3d 850, 858 (8th

Cir. 1999); see 42 U.S.C. § 12132. Because plaintiff does not allege that he has a disability, he does not allege a prima facie case under the ADA. Thus, the motion to amend will be granted and plaintiff's ADA claim will be withdrawn.

### 3. Defendant P.A.M. Transport's Motion to Dismiss

Defendant P.A.M. moves to dismiss plaintiff's claims under Fed. R. Civ. P. 12(b) for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted.[2]

#### A. Personal Jurisdiction

Defendant P.A.M. is incorporated in the State of Arkansas and maintains its principal place of business within the State of Arkansas. Defendant does not have any offices or employees in Missouri, and defendant does not transact any business in Missouri, other than to deliver freight to customers who may be located in Missouri. Any contract for delivery of freight to customers in Missouri is negotiated and executed by defendant at its offices in Arkansas.

When a defendant raises the issue of personal jurisdiction in a motion to dismiss, it is the plaintiff's burden to show that the trial court's exercise of jurisdiction is proper. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004).

---

[2] Because plaintiff's ADA claim is withdrawn, it is unnecessary to address the motion to dismiss with respect to that claim.

To subject a non-resident defendant to the long arm jurisdiction of Missouri, the plaintiff must plead and prove that the suit arose from any of the activities enumerated in the Missouri long arm statute and that the defendant has sufficient minimum contacts with Missouri to satisfy due process requirements. Stanton v. St. Jude Medical, Inc., 340 F.3d 690, 693 (8th Cir. 2003). Missouri's long-arm statute provides that the cause of action must arise from (1) the transaction of any business within the state; (2) the making of any contract within the state; (3) the commission of a tortious act within the state; (4) the ownership, use, or possession of any real estate situated in the state; or (5) the contracting to insure any person, property or risk located within the state at the time of contracting. See Mo. Rev. Stat. § 506.500.

In this action, plaintiff has not alleged any facts indicating that defendant P.A.M. engaged in any activity covered by Missouri's long arm statute. Indeed, plaintiff does not allege that defendant P.A.M. had any contacts at all with the State of Missouri. Because plaintiff has failed to show the existence of personal jurisdiction, defendant P.A.M. will be dismissed from this action.

### B. Failure to State a Claim

Defendant P.A.M. argues that plaintiff's libel claim fails because the language that is claimed to be libelous is not set forth in the complaint as required by Missouri law. "In order to state a claim for libel or slander the specific words claimed to be

defamatory must be alleged in the petition or complaint." Angelina Cas. Co. v. Pattonville-Bridgeton Terrace Fire Protection Dist., 706 S.W.2d 483, 485 (Mo. Ct. App. 1986); Missouri Church of Scientology v. Adams, 543 S.W.2d 776, 777 (Mo. 1976) ("A petition seeking recovery for libel per se should recite in the petition the specific words or statements alleged to be libelous."). Where such allegations fail to appear in a complaint, the complaint fails to state a cause of action for libel. Angelina Cas. Co., 706 S.W.2d at 485.

Plaintiff did not include the statement(s) he claims to be libelous in the complaint, and therefore, the complaint does not state a cause of action for libel. Accordingly, the motion to dismiss will be granted.

### 4. **Plaintiff's Motion to Proceed In Forma Pauperis**

Plaintiff's motion to proceed in forma pauperis is moot. Plaintiff was given permission to proceed in forma pauperis by the state court and he is not required to pay a filing fee in the district court.

### 5. **Plaintiff's Motion for Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in civil cases. Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting

his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Nelson, 728 F.2d at 1005.

After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand [ECF No. 20] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend [ECF No. 21] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant P.A.M. Transport, Inc. to dismiss [ECF No. 11] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 15] is **moot**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 16] is **denied**.

An Order of Partial Dismissal will be filed with this Memorandum and Order.

Dated this 28th day of January, 2013.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE