UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAALIK IBN'RAD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:12-CV-2257 (CEJ) |
| PAM TRANSPORTATION, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant HireRight Solutions, Inc. for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Plaintiff has not filed a response to the motion and the time for doing so has expired.

### I. Background

Plaintiff filed a complaint against defendants P.A.M. Transport, Inc. and HireRight, asserting a claim under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12132, and a claim of libel. Plaintiff alleges that P.A.M. falsely accused him of lying on his employment application about his mental illness history. According to the complaint, plaintiff was detained in a mental facility but there was no determination that he suffered from a mental defect. Plaintiff alleges that P.A.M. reported to HireRight that plaintiff falsified his application and, as a result, plaintiff has been unable to find a job as a truck driver.

On December 31, 2012, plaintiff filed a motion to amend his complaint to drop the ADA claim. On January 28, 2013, the Court granted plaintiff's motion to amend. In addition, the Court granted P.A.M.'s motion to dismiss because the amended complaint was insufficient to state a claim of libel. The sole remaining claim in this action is plaintiff's libel claim against HireRight.

## II. Legal Standards

Rule 12(c) of the Federal Rules of Civil Procedure provides that, "[a]fter the pleadings are closed but within such time as not to delay the trial, a party may move for judgment on the pleadings." A Rule 12(c) motion should be granted if the movant establishes that no material facts remain to be resolved and the movant is entitled to judgment as a matter of law. National Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc., 991 F.2d 426, 428 (8th Cir.), cert. denied, 510 U.S. 661 (1993). The Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in the nonmoving party's favor. Id. The same standard used to address a Rule 12(b)(6) motion to dismiss is used to analyze a motion for judgment on the pleadings. Ashley County, Ark. v. Pfizer, Inc., 552 F.3d 659, 665 (8th Cir. 2009). To survive a 12(b)(6) motion, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## III. Discussion

HireRight argues that plaintiff's libel claim fails as a matter of law for the following reasons: (1) the language that is claimed to be libelous is not set forth in the complaint; (2) plaintiff has failed to plead that HireRight published the allegedly defamatory statement to a third party; and (3) plaintiff has failed to set forth facts showing that any allegedly libelous statements by HireRight were false.

Jurisdiction of this case is based on diversity of citizenship. Therefore, the Court looks to the substantive law of Missouri in determining whether the complaint sufficiently states a claim for libel. Erie v. Tompkins, 304 U.S. 64, 78 (1938).

Under Missouri law, "[i]n order to state a claim for libel . . . the specific words claimed to be defamatory must be alleged in the petition or complaint." Angelina

Casualty Co. v. Pattonville-Brigeton Terrance Fire Protection Dist., 706 S.W.2d 483, 485 (Mo. Ct. App. 1986); Nazeri v. Missouri Valley College, 860 S.W.2d 303, 313 (Mo. 1993). Furthermore, there must be an allegation of publication. Angelina Casualty Co., 706 S.W.2d at 485; Maxwell v. Express Scripts, Inc., No. 4:11-CV-1315 (E.D. Mo. March 22, 2012) (Plaintiff "did not plead the written/publication requirement, and so I will grant [defendant's] motion to dismiss that claim.").

Plaintiff did not include in his amended complaint the specific words or statements made by HireRight which he claims are libelous. Furthermore, plaintiff alleges only that HireRight accepted the information from P.A.M. as true, not that HireRight passed on the information to third parties. See Rice v. Hodapp, 919 S.W.2d 240, 243 (Mo. 1996) (The requirement of publication simply means that the information must have been communicated to a third party). For these reasons, plaintiff's complaint fails to state a claim for libel, and defendant HireRight is entitled to judgment on the pleadings.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant HireRight Solutions, Inc. for judgment on the pleadings [Doc. #31] is **granted**.

A judgment consistent with this Memorandum and Order will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of March, 2013.